UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| WILLIAM J. MUELLER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10CV212 SNLJ |
| | ) | |
| JEFF NORMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 241824), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.75. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $13.75, and an average monthly balance of $6.74. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.75, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging, in a conclusory fashion, violations of his civil rights. Named as defendants are: Jeff Norman (Warden, SECC); Troy Steele (prior Warden at SECC); S. Henry (correctional officer); Josh Huddstons (inmate); Brian Hoskins (correctional officer); Susan M. Price (caseworker); Jessy May (correctional officer); Brittney Deprow (nurse); Heather Unknown (nurse); and Pameila Lacey (nurse).

Plaintiff claims that in May of 2010, while "celling" with defendant Huddstons, correctional officers at SECC found a razor blade in his cell and issued conduct violations for having "dangerous contraband" to both he and Huddstons. Plaintiff asserts that the razor blade belonged to Huddstons and that Huddstons told plaintiff, through written correspondence transferred to plaintiff by defendant Hoskins, that he would pay him to "take the fall" for having the razor blade. Plaintiff asserts that he told defendant Price about Huddstons' "confession" and provided her with written evidence of the "confession." The Informal Resolution Request findings attached to plaintiff's complaint show that the "confession" was entered into evidence at the hearing on the conduct violation. However, despite this "evidence" and plaintiff's testimony about defendant Huddstons' confession, plaintiff was found guilty of the conduct violation and sentenced to several months in administrative segregation.

Plaintiff asserts that he "believes" defendant Huddstons was found innocent of the conduct violation, "considering two people can't place the same razor blade in the desk." Plaintiff states that he appealed the administrative segregation sentence, but that his grievances were denied. Plaintiff has attached these appeals to his complaint. Although plaintiff does not state exactly what claims he is bringing in relation to the receipt of the conduct violation, it appears that plaintiff wishes the Court to overrule the conduct violation and sentence and hold defendant Huddstons accountable, instead.

Similarly, plaintiff complains that he was wrongfully given a conduct violation by defendant May when he refused to be placed in a cell with another inmate after declaring "protective custody." Again, plaintiff appears to be seeking an appeal of the conduct violation.

Lastly, plaintiff complains that he had 18 teeth pulled in October of 2010 but that he wasn't provided with the ensure supplement, as well as the tylenol, which were both prescribed by the doctor for use after the extraction. Plaintiff complains that defendant nurses with Correctional Medical Services, Deprow, Heather Unknown and Lacey, acted with deliberate indifference to his serious medical needs with regard to the extraction. Plaintiff seeks both monetary damages and injunctive relief.

**Discussion**

Plaintiff's requests that the Court overturn the conduct violations he received at SECC fail to state a claim under § 1983, given that plaintiff has not articulated a constitutional or federal statutory violation with respect to the accrual of these violations. See, e.g., Parratt v. Taylor, 451 U.S. 527, 535 (1981) (to establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right). Thus, plaintiff's claims, as stated, fail with regard to any defendants plaintiff believes were involved in either assessing or applying his conduct violations. Similarly, plaintiff has not articulated a cause of action against defendant Huddstons such that the Court has jurisdiction to find him guilty of the conduct violations in lieu of plaintiff.

Plaintiff's allegations under § 1983 also fail against all of the defendants except for the three nurses. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). As set forth above, it is unclear exactly what rights

plaintiff believes have been violated with respect to the assessment of the conduct violations, other than his disagreement with the overall result of the process, which fails to rise to the level of a constitutional violation. Moreover, plaintiff has not set forth specific claims or facts indicating that defendants Norman, Steele, Henry, Huddstons, Hoskins, Price or May were directly involved in or personally responsible for the alleged violation of a federal statutory or constitutional right. As a result, the complaint fails to state a claim upon which relief can be granted with respect to these defendants.

However, plaintiff's claims against nurses Deprow, Heather Unknown and Lacey will survive § 1915 review at this time with respect to plaintiff's claims that these defendants were deliberately indifferent to his medical needs after he had teeth pulled. As such, the Court will require the Clerk to issue process on these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.75 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include

upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to Correctional Medical Services employees Brittney Deprow, Heather Unknown and Pameila Lacey.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Brittney Deprow, Heather Unknown and Pameila Lacey shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Norman, Steele, Henry, Huddstons, Hoskins, Price or May because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this __7th__ day of April, 2011.

                                                      /s/ Stephen N. Limbaugh, Jr.
                                                    STEPHEN N. LIMBAUGH, JR.
                                                    UNITED STATES DISTRICT JUDGE